Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
(201) 273-7117

*Attorneys for Plaintiff, Agnes Gallagher*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGNES GALLAGHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>*vs.*<br><br>NATIONAL BUREAU COLLECTION CORP., and JOHN DOES 1-10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Agnes Gallagher ("GALLAGHER"), individually and on behalf of all others similarly situated, by way of Complaint against Defendants, National Bureau of Collection Corp. ("NBCC"), and John Does 1-10 ("DOES"), says:

### I. Nature of the Action.

1. This action stems from the NBCC's conduct when attempting to collect consumer debts in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.

### II. Parties.

2. GALLAGHER is a natural person.

3. At all times relevant to the factual allegations of this Complaint, GALLAGHER was a citizen of the State of New Jersey, residing in Bergen County, New Jersey.

4. At all times relevant to the factual allegations of this Complaint, NBCC was a for-profit New York corporation registered as a foreign corporation with the State of New Jersey.

5.  On information and belief, a principal business location of NBCC is 150 White Plains Road, 1st Floor, Tarrytown, New York 10591.

6.  DOES are sued under fictitious names as their true names and capacities are yet unknown to GALLAGHER. GALLAGHER will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

7.  On information and belief, and based on advise of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of NBCC that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by NBCC and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

### III.  Jurisdiction and Venue.

8.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to GALLAGHER's claims occurred within this federal judicial district, and because NBCC regularly transacts business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV.  Legal Bases for FDCPA Claims.

10. The legal bases for the claims arising under the FDCPA are:

> *First.*   The FDCPA "covers conduct taken in connection with the collection of any debt." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3rd Cir. 2014) (internal quotation marks omitted). The Act "was passed to promote ethical business practices by debt collectors." *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002). The Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b). Thus, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt

collectors, *and* to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(e).

***Second.*** The Act is not concerned with whether the consumer owes the debt. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

***Third.*** "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). "Thus, the FDCPA enlists the efforts of sophisticated consumers … as private attorneys general to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jensen v. Pressler and Pressler, LLP*, 791 F.3d 413, 419 (3rd Cir. June 30, 2015) (internal quotation marks omitted).

***Fourth.*** The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

***Fifth.*** Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**Sixth.** "To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

**Seventh.** Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Bureau, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

**Eighth.** A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

**Ninth.** The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss, supra,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id.* When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. This is exactly the kind of result Congress intended to avoid through the creation of the class action form." *Barkouras v. Hecker*, 2006 WL 3544585, 2006 U.S.Dist.Lexis 88998 (D.N.J. Dec. 8, 2006).

## V. Facts.

11. NBCC is regularly engaged in the collection of debts.

12. NBCC regularly collects or attempts to collect debts alleged to owed others.

13. NBCC is a business the principal purpose of which is the collection of debts.

14. In attempting to collect debts, NBCC uses the mails, telephone, the internet and other instruments of interstate commerce.

15. NBCC mailed GALLAGHER a letter dated February 3, 2017 ("LETTER").

16. On information and belief, the LETTER was not mailed prior to Friday, February 3, 2017.

17. On information and belief, the LETTER was not received by GALLAGHER prior to Monday, February 6, 2017.

18. A true and correct copy of the LETTER is attached as **Exhibit A**, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and GALLAGHER's home address to protect GALLAGHER's privacy.

19. On information and belief, the LETTER was created by merging information specific to a debt with a template to create what is commonly called a "form letter."

20. The merged information consists of (A) the name and address in the upper left area including the text and the barcode; (B) the text on the second line and in the righthand column of the bordered table in the upper right area; and (C) the text on the second line and in the righthand column of the bordered table in the lower right area. The merged information may also include the name and telephone number following "Contact:" appearing at the end of the large box in the middle of the page.

21. Consequently, on information and belief, NBCC mails the same form when attempting to collect some or all of the debts it attempts to collect from natural persons using a New Jersey address.

22. The LETTER was mailed in a windowed envelope with the following portion of the letter appearing as the return address:



23. A Google search of "NBCC, Irvington, NY" returns the identification of the sender as National Bureau Collection Corporation.

24. By disclosing "NBCC" and "Irvington, NY," the LETTER indicates that it is sent by a debt collector.

25. The LETTER stated that "HolyName EMS, Inc." referred GALLACHER's "account" for collection.

26. The LETTER subsequently stated the "account has been referred to this office by the above stated creditor for collection" but there is no person identified in the LETTER as the "creditor."

27. The LETTER stated that it was sent "based on account information provided by our client" but there is no person identified in the LETTER as "client."

28. In the lower portion of the LETTER, it stated "MAKE YOUR CHECK PAYABLE TO: HolyName EMS, Inc."

29. The LETTER is confusing, misleading, and deceptive to least sophisticated consumer as to the identity of the creditor.

30. On information and belief, the LETTER was NBCC's initial written communication mailed to GALLAGHER concerning the account described in the LETTER.

31. The LETTER stated the amount owed to be $250 but also stated, "As of the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed."

32. On information and belief, and on advice of counsel, the amount of the debt owed does not increase over time based either on either a contract or as a matter of law.

33. The LETTER is confusing, misleading, and deceptive to the least sophisticated consumer as to both the amount of the debt owed when the LETTER was received and on any date after February 3, 2017, and the character of the debt (that is, whether the amount is static or is accruing interest or other charges which cause it to increase over time).

34. By use of the LETTER, NBCC alleged GALLAGHER was in default of an obligation to pay money.

35. On information and belief and based on an investigation by GALLAGHER's counsel, there is a New Jersey nonprofit corporation named "Holy Name EMS, a NJ Nonprofit Corporation" incorporated in the State of New Jersey which is associated with Holy Name Medical Center located in Teaneck, New Jersey and provides health care services to patients of Holy Name Medical Center. Thus, the obligation alleged by NBCC arose is alleged to arise out of a transaction in which services were provided for personal or family purposes.

## VI. Policies and Practices.

36. It is the policy and practice of Defendants to send written collection communications, in the form attached as **Exhibit 1**, in connection with their attempts to collect alleged consumer debts, which make false, deceptive, and misleading representations in violation of the FDCPA.

37. Such policy and practice is in violation of the FDCPA.

## VII. Class Allegations.

38. Plaintiff brings this action individually and as a class action on behalf of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

39. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition to be more inclusive or less inclusive, Plaintiff defines the "Class" as:

> Each natural person to whom National Bureau Collection Corp. ("NBCC") mailed a letter during the Class Period to a New Jersey address in connection with its attempt to collect a debt which letter was not returned by the Postal Service as undeliverable, and included:

    (i)    "NBCC" and "Irvington, NY" in the return address; or

    (ii)    Identified who referred the "account" but did not identify any person as the "creditor"; or

    (iii)    Stated a dollar amount as the "Amount Owed" but also stated, "As of the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed."

40. The "Class Period" means the continuous period of time beginning on the earliest date which is within one year prior to the commencement of this action and ending on the day which is 30 days after the commencement of this action.

41. The Class excludes each person who, prior to the date this action is certified to proceed as a class action, either (a) died, (b) obtained a discharge in bankruptcy, (c) commenced an action in any court against NBCC alleging a violation of the Fair Debt Collection Practices Act based on a letter mailed by NBCC, (d) signed a general release of claims against NBCC, (e) is Plaintiff's counsel, an employee of Plaintiff's counsel, or a member of the immediate family of Plaintiff's counsel, or (e) a Judge assigned to this case or member of such Judge's staff or immediate family.

42. Based on discovery and further investigation (including, but not limited to, disclosure of class size and net worth by Defendants), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and Class Claims, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

43. The identity of each member of the Class is readily ascertainable from the records of the Defendants and those records of the entity on whose behalf they were seeking to collect debts.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a) because there is a well-defined community interest in the litigation in that:

    44.01.    *Numerosity.* Plaintiff is informed and believes, and on that basis alleges, the members of the Class are so numerous that joinder of all members would be

impractical. On information and belief, there are more than 40 members of the Class.

44.02.  *Commonality.* Common questions of law and fact exist as to all members of the Class, which include whether the communications from Defendants to consumers in substantially the same form as Defendant communicated with Plaintiff violates the FDCPA.

44.03.  *Typicality.* The claims alleged by Plaintiff are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the common and uniform course of conduct by Defendants.

44.04.  *Adequacy.* Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Plaintiff and counsel for Plaintiff have no interests which might cause them not to vigorously pursue the instant class action lawsuit.

45.  This action may be maintained as a "B1a-class", a "B2-class", a "B3-class", or a hybrid of any two or all three types however, at the time of commencing this action, Plaintiff expects to seek certification of a class under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member, and a class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, an important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

**VIII.    Cause of Action for Violations of the FDCPA.**

46.  Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

47.  Each Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

48.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

49.  The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

50.  The LETTER is a "communication" within the meaning of 15 U.S.C. § 1692a(2).

51.  The LETTER was the "initial communication" within the meaning of 15 U.S.C. § 1692g(a).

52.  The conduct of the Defendants in mailing the LETTER violated the FDCPA in one or more of the following ways:

> 52.01.  Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. §1692e (including but not limited to subsections (2)(A) (misrepresenting the character or amount of the debt), (5) (threatening the accrual of interest or other charges), and (10) (falsely representing or using deceptive means to collect a debt)); and/or
>
> 52.02.  Using unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f (including but not limited to subsections (1) (attempting to collect an amount not authorized by contract or permitted by law) and (8) (including a return address which indicates the sender is in the debt collection business)); and/or
>
> 52.03.  Failed to give notice of the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1); and/or

    52.04.    Failed to give notice of the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

53.    Based in any one of those violations, Defendants are liable to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k for any actual damages, statutory damages, attorney's fees and costs.

## IX.    Prayer for Relief.

54.    WHEREFORE, Plaintiff, AGNES GALLAGHER, on behalf of herself and all others similarly situated respectfully requests that the Court enter judgment against Defendants, NATIONAL BUREAU COLLECTION CORP., and JOHN DOES 1-10, jointly and severally, as follows:

    54.01.    An order certifying that the Cause of Action may be maintained as a class pursuant to Fed. R. Civ. P. 23 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and the undersigned as class counsel;

    54.02.    An award of statutory damages for GALLAGHER pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

    54.03.    An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    54.04.    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(3); and

    54.05.    For such other and further relief as may be just and proper which may include an appropriate award for GALLAGHER's role as class representative.

## X.    Jury Demand.

55.    Plaintiff, AGNES GALLAGHER, on behalf of herself and all others similarly situated demands a trial by jury on all issues so triable.

## XI. Certification Pursuant to Local Civil Rule.

56. Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

Dated: February 5, 2018

*s/Yongmoon Kim*
Yongmoon Kim, Esq.

KIM LAW FIRM LLC
411 Hackensack Avenue, Suite
Hackensack, New Jersey 07601
(201) 273-7117

*Attorneys for Plaintiff, Agnes Gallagher*